**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 10-1834-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Cynthia Lynn Szlobola, | ) | |
| Defendant. | ) | |

Pending before this Court is Defendant's motion for return of seized property (Doc. 27). The parties agree to the basic factual background. Specifically, a search warrant was served on Defendant's house July 16, 2010, and various documents were seized. On November 23, 2010, a complaint was filed against Defendant charging her with 2 crimes. On March 2, 2011, the Court granted the Government's motion to dismiss the entire criminal case.

The parties agree that *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987) controls whether Defendant's property should be returned. The parties further agree that, once the criminal proceeding has terminated, as is the case here, a defendant is presumed to have the right to have her property returned unless the Government can show a legitimate reason to retain the property. *Id.* at 1369. More particularly, the *Martinson* court stated, "... the government must justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture." *Id.*

1       Turning to the property in question in this case, the Government agrees that it will return, "Ms. Szloboda's business documents, title of certificates and marriage license." Doc. 28 at 4. Ms. Szloboda agrees that, for now, the U.S. Department of States has demanded the return of Ms. Szloboda and her children's United States passports; therefore, the Government can retain possession of those 3 documents. Doc. 29 at 3. Thus, the documents in dispute are: "Ms. Szloboda's adoption certificate, her Canadian passport, her children's birth certificates and their Canadian passports."

      The government has not argued or shown that the disputed documents are contraband or subject to forfeiture. The Court finds the Government's argument that it intends to use the documents in a future immigration proceeding does not meet the Government's burden as articulated in *Martinson*. Therefore,

      **IT IS ORDERED** that Defendant's motion for return of property (Doc. 27) is granted as to all property <u>except</u> Ms. Szloboda and her children's United States passports. The Government shall deliver all seized property <u>except</u> Ms. Szloboda and her children's United States passports to Ms. Szolboda's counsel within 10 days of the date of this Order.

      DATED this 13th day of September, 2011.

*[signature]*
James A. Teilborg
United States District Judge